**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **JOANNA WITHERSPOON,** <br><br> **Defendant.** | **1:96-cr-00313-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Defendant Joanna Witherspoon's *pro se* Motion for Expungement [8].

**I.    BACKGROUND**

On July 17, 1996, Defendant Joanna Witherspoon was charged in a criminal Information with one (1) count of conspiracy to traffic counterfeit credit cards, in violation of 18 U.S.C. § 1029(b)(2).  Defendant entered a plea of guilty to the charge and was sentenced to three (3) years probation.  She successfully completed her probation on October 24, 1999.

On May 18, 2016, Defendant filed her *pro se* Motion for Expungement [8]. Defendant seeks expungement of the record of her conviction, noting that her "record has made finding a new job extremely difficult," that she was "young and

naïve" when she was arrested, and that she has "no other criminal records [sic]." Id.

## II.   DISCUSSION

Federal courts have limited jurisdiction and have only that power authorized to them by the Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The power granted does not include the general authority to expunge criminal convictions.  See Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 700 (5th Cir. 1997).  Congress does, however, provide for very limited expungement of criminal records for certain drug offenses.  18 U.S.C. § 3607(c).  Expungement is allowed only for convictions for simple possession of a controlled substance for individuals under the age of 21 at the time of conviction who successfully complete pre-judgment probation pursuant to 18 U.S.C. § 607(a).  This exception does not apply here.

There is some authority supporting that a district court may, under extraordinary circumstances, expunge criminal records.  See Menard v. Mitchell, 430 F.2d 486, 490-91 (D.C. Cir. 1970) (expungement allowed where Fourth Amendment violated).  Expungement because of extraordinary circumstances is rare and Defendant has not alleged the extraordinary circumstances that would qualify for expungement of her conviction.

## III.  CONCLUSION

The Court here is not authorized to order expungement and, in the absence of an extraordinary circumstance supporting the rare exercise of judicial expungement,

**IT IS HEREBY ORDERED** that Defendant's Motion for Expungement [8] is **DENIED.**

**SO ORDERED** this 27th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE